UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Qualitas Manufacturing Incorporated, d/b/a QMI Security Solutions, d/b/a HomeSafe Rolling Shutters<br><br>             Plaintiff,<br><br>v.<br><br>Darryl Hicks, individually, and Chicagone Developers, Inc., d/b/a The Shutter Man, d/b/a Home Safe Rolling Shutters<br><br>             Defendants. | Judge Coar<br><br>No. 08 CV 1718<br><br>JURY TRIAL DEMANDED |

## REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to this court's order, Douglas A. Henning representing plaintiff, and Roderick T. Sawyer representing the defendants, met on July 22, 2008 pursuant to Rule 26(f) to discuss:

(1)    the nature and basis of their claims and defenses;

(2)    the possibilities for a prompt settlement or resolution of this case;

(3)    to make or arrange for the disclosures required under Rule 26(a)(1); and

(4)    to develop a discovery plan.

To that end, the parties propose the following:

A.    The issues in this case may be simplified by taking the following steps:

        1.    Full compliance with the letter and spirit of Rule 26(a)(1);

        2.    The parties meeting for an informal settlement conference;

        3.    Stipulating to key facts in the event informal settlement conference does not result in settlement; and

        4.    A Pretrial settlement conference before the Magistrate Judge.

    B.    The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

        1.    No modifications are necessary at this time.

    C.    Discovery will be needed on the following subjects:

        1.    Whether Defendants' alleged use in commerce of the name and mark HOMESAFE is likely to cause confusion or to cause mistake or to deceive others as to the affiliation, connection, or association of the parties;

        2.    Whether Defendants' alleged use of the name and mark HOMESAFE has caused and/or is likely to cause dilution of the distinctive quality of QMI's famous HOMESAFE mark;

        3.    Whether Defendants' alleged use of the name and mark HOMESAFE ROLLING SHUTTERS constitutes willful trademark infringement and/or dilution;

        4.    Whether Defendants' alleged copyright infringement was willful or inadvertent; and

        5.    The amount of sales that Defendants obtained in connection with the its alleged use of the name and mark HOMESAFE and QMI's copyrights, as well as the damages that QMI has sustained.

    D.    Discovery should be conducted in phases.

    E.    Discovery is likely to be contentious and management of discovery should be referred to the Magistrate Judge.  Yes_____   No X_____

    F.    The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

G.  The parties have discussed the possibility of alternative dispute resolution and concluded:

Alternative dispute resolution could be helpful if the parties fail to reach a settlement at their informal settlement conference.

H.  The parties have discussed a prompt settlement or other resolution of this matter. The plaintiff has not made a written demand because money is secondary to the cessation of the alleged infringing activity.

I.  The Court should consider the following methods of expediting the resolution of this matter:

Referring this matter to the Magistrate Judge for a pretrial settlement conference if the parties are unable to reach a settlement on their own.

/s/ Douglas A. Henning
Attorney for Plaintiff
Anthony Nimmo
Douglas A. Henning
ICE MILLER LLP
200 W. Madison Street
Suite 3500
Chicago, IL 60606
(312) 726-7143

/s/ Roderick T. Sawyer
Attorney for Defendant
Roderick T. Sawyer
2325 South Michigan Ave
Chicago, IL 60616-2104
(773) 635-0011

C/68432.1